IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO. 5:17cr26-RH

MICHAEL J. BAXTER,

    Defendant.

_____/

**ORDER DENYING THE MOTIONS FOR A NEW TRIAL
AND ALTERNATIVELY FOR BOND PENDING APPEAL**

The defendant Michael J. Baxter, a major in the Florida Department of Corrections, kicked and used other force against an inmate, inflicting substantial injuries. A grand jury indicted Mr. Baxter on two charges: willfully depriving the inmate of the right not to be subjected to cruel and unusual punishment (count one) and making false entries in records with the intent to obstruct the Federal Bureau of Investigation's inquiry into the event (count two). A jury convicted Mr. Baxter on count two but acquitted him on count one.

Mr. Baxter moved for a new trial and, alternatively, for release pending appeal. At a hearing on April 12, 2017, the motion for a new trial was denied, Mr. Baxter was sentenced to 60 months in prison, and the motion for release pending

appeal was denied. The grounds for the rulings were set out on the record. This order confirms and briefly summarizes the rulings.

I

This was a full and fair trial. Each side took its best hold. There was evidence favoring each side. In his motion for a new trial, Mr. Baxter has been unable to assert that there was any error in evidentiary rulings or jury instructions or that the government made any improper argument. Instead, Mr. Baxter asserts that the guilty verdict on count two was against the weight of the evidence. It was not. Had I been the factfinder, I would have concluded, just as the jury did, that the evidence established beyond a reasonable doubt that Mr. Baxter was guilty of count two.

Mr. Baxter also says the guilty verdict on count two was inconsistent with the acquittal on count one. That again is not so. Mr. Baxter intentionally made material false statements in his reports of the event, and the false statements were a crime, regardless of whether the force he used against the inmate was constitutionally excessive. I assume that in a proper case, inconsistent verdicts can be considered, together with all other relevant circumstances, in deciding that a new trial is warranted, but here there are no other circumstances supporting a new trial. Mr. Baxter was convicted on count two in a full and fair trial based on evidence that was easily sufficient to support the conviction.

Even had the verdicts on counts one and two been inconsistent—they were not—this plainly would not entitle Mr. Baxter to a judgment of acquittal on count two. The Supreme Court so held in *United States v. Powell*, 469 U.S. 57, 68-69 (1984). As the Eleventh Circuit has explained, if a jury returns a guilty verdict on one count and an inconsistent not-guilty verdict on another count, "it is impossible to determine 'whose ox has been gored.'" *United States v. Mitchell*, 146 F.3d 1338, 1344 (11th Cir. 1998) (quoting *Powell*, 469 U.S. at 65). For what it may be worth, my conclusion here is that if these verdicts are deemed inconsistent, the government's ox was gored, not Mr. Baxter's. The evidence provided far more support for a guilty verdict on count one than for an acquittal on count two.

II

That brings us to the motion for release pending appeal. The Bail Reform Act sets out the governing standards. Release should be granted only if the court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community, if released . . .; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or

>   (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. §3143(b)(1).

As the government acknowledges, Mr. Baxter is not likely to flee or to pose a danger to any other person or the community. I so find by clear and convincing evidence. Mr. Baxter's appeal has not been taken for the purpose of delay, and he raises an issue—"that the Defendant is entitled to relief because the jury's verdict on count 2 is arbitrary and/or irrational in light of the jury's acquittal on count 1"—that, if successful, would result in a new trial.

The critical inquiry, therefore, is whether this is "a substantial question of law or fact." The Eleventh Circuit has given this definition: "a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *United States v. Fernandez*, 905 F.2d 350, 354 (11th Cir. 1990) (*quoting United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).

The issue Mr. Baxter has identified is not a close question. *Powell*, *Mitchell*, and a host of other decisions make clear beyond debate that the inconsistency of verdicts does not entitle a defendant to relief. Mr. Baxter has cited not a single decision to the contrary. And there was nothing irrational about the jury's verdict on count two—with or without considering the alleged inconsistency. There was

direct eyewitness testimony as well as circumstantial evidence—for example, the condition of the room after the beating—that provided ample support for the conclusion that Mr. Baxter made false statements in his reports.

### III

For these reasons and those set out a greater length on the record of the April 12 hearing,

IT IS ORDERED:

1. The motion for a new trial, ECF No. 45, is denied.

2. The motion for release pending appeal, ECF No. 52, is denied.

SO ORDERED on April 17, 2018.

                                  s/Robert L. Hinkle
                                  United States District Judge