[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11600
Non-Argument Calendar
_____

D.C. Docket No. 5:17-cr-00026-RH-1

UNITED STATES OF AMERICA,

                                                                                 Plaintiff-Appellee,

versus

MICHAEL J. BAXTER,

                                                                               Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 13, 2019)

Before MARCUS, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

This case began when Michael Baxter, a Florida corrections officer, was charged with one count of acting under the color of law and depriving an inmate, Glover, of his right not to be subjected to cruel and unusual punishment while in official custody, in violation of 18 U.S.C. § 242; and one count of falsification of records, in violation of 18 U.S.C. § 1519. Baxter was tried by a jury, found not guilty of the § 242 offense, but guilty of the § 1519 offense. He appeals his conviction and 60-month sentence for falsification of records, in violation of 18 U.S.C. § 1519. Baxter raises four issues on appeal. First, he argues that the district court erred in granting the government's *Batson*[1] challenge because it did not present a *prima facie* case of racial motivation for the challenged peremptory strike. Second, he argues that the district court abused its discretion in denying his motion for a new trial because the jury's guilty verdict was inconsistent with its acquittal on the charged deprivation of Eighth Amendment rights. Third, he argues that the district court erred in considering acquitted conduct at sentencing because the government did not prove by a preponderance of the evidence that he used excessive force against an inmate. Fourth, he argues that the district court abused its discretion and imposed a substantively unreasonable above-guideline sentence because it considered improper factors, weighed the 18 U.S.C. § 3553(a) factors

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).

unreasonably, and did not sufficiently explain its justification for the three-month upward variance.

I.

In reviewing a *Batson* challenge, we give great deference to the district court's finding whether a *prima facie* case of discrimination existed. *United States v. Walker*, 490 F.3d 1282, 1291 (11th Cir. 2007). We review the district court's findings regarding the actual motivation behind the challenged strike for clear error. *Id.*

The Equal Protection Clause forbids a prosecutor from striking potential jurors solely on account of their race, and the Supreme Court has extended that restriction to strikes by defense counsel. *Id.* at 1290. In *Batson*, the Supreme Court articulated a three-part test to evaluate the validity of challenges to peremptory strikes: (1) the moving party must make a *prima facie* showing that a peremptory challenge was exercised on the basis of race; (2) the non-moving party must offer a race-neutral basis for striking the juror in question; and (3) the trial court must determine whether the moving party has shown purposeful discrimination. *Id.* at 1291.

The *prima facie* case determination is not to be based on numbers alone but on the totality of the circumstances. *United States v. Hill*, 643 F.3d 807, 839 (11th Cir. 2011). The district court should consider all relevant circumstances

supporting the challenging party's assertion of discrimination, including the striking party's pattern of striking venire members of a particular race, questions or statements during *voir dire* that support an inference of discriminatory purpose, the subject matter of the case being tried, the race of the defendant, and the racial composition of the pool of the remaining potential jurors. *United States v. Robertson*, 736 F.3d 1317, 1326 (11th Cir. 2013).

At the second step of the *Batson* inquiry, the striking party's reason need not be a good one so long as it is not discriminatory. *Hill*, 643 F.3d at 837. The reason only needs to be plausible and not discriminatory, and may be superstitious, silly, or trivial as long as it was race-neutral. *Walker*, 490 F.3d at 1291.

At the third step, the district court has great discretion to accept the striking party's race-neutral reason as the truth or to reject it as pretextual. *Robertson*, 736 F.3d at 1328. We recognize that the district court's perception of the attorney's credibility is essential to determining whether the proffered reason was pretextual, and the record does not always reflect all that the district court saw and heard. *Walker*, 490 F.3d at 1293-94. Thus, we give great deference to the district court because it is in a better position to make credibility decisions than we are as the reviewing court. *Id.* at 1294. But the district court must focus on the genuineness of the non-moving party's proffered explanation rather than its reasonableness. *Id.* In *Walker*, we found no error in the district court's decision to reject the

4

defendant's peremptory strike of a potential juror based on his body language when the district court emphasized that it found that the defendant's stated reason for the strike was not genuine. *Id.* at 1293 n.13, 1294. Specifically, the district court found that the potential juror "ha[d] not demonstrated any body language that [the court] could see" and the defendant did not identify any specific body language that was "sufficient to persuade [the court] that the reason articulated for [the juror's] elimination was a race neutral reason." *Id.* at 1293 n.13.

We apply harmless error review to a misapplication of *Batson* that results in an otherwise qualified juror being seated. *United States v. Williams*, 731 F.3d 1222, 1236 (11th Cir. 2013). Under harmless error review, the government bears the burden of showing that the error did not affect the defendant's substantial rights. *Id.*

Here, the district court did not clearly err in determining that Baxter's motive for striking Juror M was based on her race and disallowing it. *Walker*, 490 F.3d at 1291. The court properly determined that the government presented a *prima facie* case of race-based discrimination. While Baxter argues that the government did not show a *prima facie* case of race-based discrimination because striking two out of three African Americans on the venire did not establish a pattern of striking African American jurors, the *prima facie* case does not succeed or fail based on numbers alone. *See Hill*, 643 F.3d at 839. The district court could

infer that Baxter wanted to strike African American potential jurors because the defendant was a white corrections officer, the victim (Glover) was a black inmate, and the government's theory of the case included allegations that Baxter's use of force was motivated by Glover's impending interracial marriage and that Baxter had used a racial slur when referring to the relationship. *See Robertson*, 736 F.3d at 1326. And, as the government noted, Juror M had not given any responses that would offer a facially race-neutral reason for using a peremptory strike. Thus, based on the totality of the circumstances, this Court defers to the district court's *prima facie* case determination. It was within the district court's sound discretion to determine that Baxter's explanation for the strike—that Juror M had exhibited negative body language—was not genuine based on the court's observation of Juror M and its finding that she had not demonstrated negative body language. *See Walker*, 490 F.3d at 1293-94, 1293 n.13. Further, the district court did not find Baxter's explanation that Juror M had stretched away, crossed her arms, and appeared tight and negative unreasonable but found that it was a pretext for racial discrimination instead of a genuine non-discriminatory reason. *Walker*, 490 F.3d at 1294. Because the district court had an opportunity to observe Juror M and evaluate Baxter's attorney's credibility, it did not clearly err in finding that Baxter's motivation for striking Juror M was actually because of her race and properly disallowed the strike.

II.

We review the denial of a motion for a new trial for an abuse of discretion. *United States v. Perez-Oliveros*, 479 F.3d 779, 782 (11th Cir. 2007).  The district court has the discretion under Fed. R. Crim. P. 33 to grant a new trial "if the interest of justice so requires."  *United States v. Albury*, 782 F.3d 1285, 1295 (11th Cir. 2015) (quotation marks omitted).  In considering the motion, the district court may weigh the evidence and consider the credibility of witnesses.  *Id.*  But we will only overturn the denial of a motion for a new trial if the evidence "preponderates heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand."  *Id.* (quotation marks and brackets omitted).

A jury's verdicts are insulated from review on the ground that they are inconsistent as long as there was sufficient evidence to support its finding of guilt.  *Id.*  The jury is free to choose among reasonable constructions of the evidence in reaching its guilty verdict.  *See United States v. Foster*, 878 F.3d 1297, 1304 (11th Cir. 2018).  If the defendant testified at trial, the jury is free to disbelieve his statements and consider them as substantive evidence of his guilt.  *United States v. Shabazz*, 887 F.3d 1204, 1220 (11th Cir. 2018).

To prove a violation of 18 U.S.C. § 242, the government must present evidence that establishes beyond a reasonable doubt that the defendant acted (1) willfully and (2) under color of law (3) to deprive a person of rights protected by the Constitution or laws of the United States. *United States v. House*, 684 F.3d 1173, 1198 (11th Cir. 2012). To prove that a defendant falsified records in violation of 18 U.S.C. § 1519, the government must show that the defendant (1) knowingly (2) altered, destroyed, mutilated, concealed, covered up, falsified, or made a false entry in a record or document (3) with the intent to impede, obstruct, or influence an investigation. *See United States v. Hunt*, 526 F.3d 739, 743 (11th Cir. 2008); *see also* 18 U.S.C. § 1519.

Here, the district court did not abuse its discretion in denying Baxter's motion for a new trial. Notably, deprivation of a constitutional right under color of law and falsification of records are distinct crimes with no overlapping elements, so an acquittal on the first and a guilty verdict on the second are not inherently inconsistent. *Compare House*, 684 F.3d at 1198 with *Hunt*, 526 F.3d at 743. Even if the jury acquitted Baxter on Count One because it believed his version of events, it could still find that he had knowingly fabricated some portion of his report to influence the use-of-force investigation. *Hunt*, 526 F.3d at 743. It is equally possible that the jury did not believe Baxter's version of events but found that the government had not proven one or more elements of the excessive force claim

beyond a reasonable doubt. *See House*, 684 F.3d at 1198. Nonetheless, even if the jury's verdicts were inconsistent, they were insulated from review on that basis because the guilty verdict on Count Two was supported by sufficient evidence. *See Albury*, 782 F.3d at 1295. Baxter's report stated that Glover advanced toward Baxter and "forcefully" struck his head against Baxter's, but Silcox testified that Baxter approached Glover and Glover did not "head-butt" Baxter, but their heads simply "collided." The report also stated that Baxter punched Glover when he "charged" towards him and kicked him in the head and shoulders in response to continued resistance, but witnesses testified that Baxter kicked Glover in the face, Glover did not resist while on the floor, and Silcox was able to subdue Glover with a chokehold. While testimony from other witnesses supported the statements in the report, the jury was free to choose among reasonable constructions of the evidence in reaching its conclusion that at least some of the statements in the report were false. *See Foster*, 878 F.3d at 1304. In particular, the jury was free to disbelieve Baxter's trial testimony and consider it as substantive evidence that he had falsified records. *See Shabazz,* 887 F.3d at 1220. Moreover, this evidence does not demonstrate that it would be a miscarriage of justice to let the verdict stand. *Id.*

III.

We review *de novo* the district court's interpretation and application of the Sentencing Guidelines and constitutional challenges to a federal sentence. *United States v. Maddox*, 803 F.3d 1215, 1220 (11th Cir. 2015). We review the court's factual findings at sentencing for clear error. *Id.*

The Supreme Court has held that a district court may consider at sentencing any conduct underlying the defendant's acquitted charge so long as the government proves the occurrence of that conduct by a preponderance of the evidence. *United States v. Watts*, 519 U.S. 148, 157 (1997). We added that the resulting sentence must fall below the maximum statutory penalty authorized by the jury's verdict. *Maddox*, 803 F.3d at 1220. Acquitted conduct may be considered at sentencing because an acquittal does not mean that the defendant was innocent of the charged conduct but only that the jury found that the conduct was not proven beyond a reasonable doubt. *Id.* at 1221. Moreover, the jury's general not-guilty verdict does not reveal whether it rejected any particular fact, so facts underlying the acquitted charge may still be proven at sentencing by a preponderance of the evidence. *See id.*

Here, as an initial matter, Baxter argues that *Watts* should be overruled, citing to several district court opinions from other circuits disagreeing with *Watts*'s holding that consideration of acquitted conduct may be considered at sentencing.

Because *Watts* remains binding precedent, the district court did not violate Baxter's constitutional rights by considering conduct underlying the acquitted excessive force charge as long as the conduct was proven by a preponderance of the evidence and the resulting sentence was below the statutory maximum. *See Watts*, 519 U.S. at 157; *Maddox*, 803 F.3d at 1220.

First, the district court did not err in finding that the government proved by a preponderance of the evidence that Baxter used excessive force against Glover. *See Maddox*, 803 F.3d at 1220. While evidence showed that Glover raised his voice, was "flailing around," and was talking with his hands, witness accounts varied regarding whether Glover headbutted Baxter or if their heads simply collided at some point. But Silcox, who was present for the entire incident, and several other witnesses testified that they did not observe Glover strike, punch, kick, or grab Baxter at any point or, at least, when he was on the ground. Witnesses consistently testified, however, that Baxter punched Glover in the face twice and kicked Glover in the head or face twice while he was lying on the ground. While Baxter testified that he kicked Glover to overcome his physical resistance and grabbing, other witnesses testified that Glover may have reached for Baxter but never grabbed him. Accordingly, the district court did not clearly err in finding that Baxter did not have a legitimate reason for kicking Glover when he was on the ground. In addition, Baxter's 60-month sentence was well below the

statutory maximum of 240 months' imprisonment. *See Maddox*, 803 F.3d at 1220. Thus, the district court did not err in considering the acquitted use-of-force conduct at sentencing.

IV.

We review the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41 (2007). The party who challenges the sentence bears the burden of showing that the sentence was unreasonable considering the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court must impose "a sentence sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the crime, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a), (a)(2)(A)-(C); *see also United States v. Irey*, 612 F.3d 1160, 1196 (11th Cir. 2010) (*en banc*). The court must also consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). In considering these factors, the district court does not have to discuss each one individually but must acknowledge its consideration of the defendant's arguments and the § 3553(a)

factors as a whole. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

We do not presume that a sentence outside the guideline range is unreasonable, but we must consider the extent of any variance and "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010) (quotation marks omitted). When the district court decides after "serious consideration" that a variance is appropriate based on the § 3553(a) factors, it should explain that variance "with sufficient justifications." *Gall*, 552 U.S. at 46-47. The court's justification must be "compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review," but an "extraordinary justification" is not required for a sentence outside the guideline range. *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) (quotation marks omitted).

We will only remand for resentencing when we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). The weight to be given each § 3553(a) factor is within the district court's sound discretion. *United States v. Kuhlman*, 711

F.3d 1321, 1327 (11th Cir. 2013). However, a district court can abuse its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *Id.* at 1326-27.

Here, the district court's 3-month upward variance to a 60-month sentence was substantively reasonable. First, the district court considered all the relevant § 3553(a) factors presented at sentencing. *See Kuhlman*, 711 F.3d at 1326; *Gonzalez*, 550 F.3d at 1324. Contrary to Baxter's argument, it considered mitigating factors, such as Baxter's personal history and characteristics, stating that he had an otherwise "exemplary" record and this was an isolated event. 18 U.S.C. § 3553(a)(1). It also considered Baxter's support of his family, including his children. 18 U.S.C. § 3553(a)(l). But the court balanced these mitigating factors against the nature and circumstances of the offense, finding that it was an "egregious event" and that Baxter had used unnecessary and excessive force against Glover, causing serious injury. 18 U.S.C. § 3553(a)(1). Balancing all of the relevant factors, it concluded that a term of imprisonment was warranted. *See Kuhlman*, 711 F.3d at 1326. And while Baxter repeats that consideration of conduct underlying the acquitted excessive force charge was improper, that

argument fails for the reasons discussed above. Thus, the district court did not abuse its discretion in considering and weighing the relevant § 3553(a) factors.

In addition, the district court sufficiently explained its three-month upward variance based on its consideration of the § 3553(a) factors. *Turner*, 626 F.3d at 573. It emphasized the need for general deterrence within the department of corrections regarding false reports about the use of force as the most compelling reason for the upward variance. *See Shaw*, 560 F.3d 1230, 1238; 18 U.S.C. § 3553(a)(2)(B). Further, it considered the government's argument that an above-guideline sentence would promote respect for the law, particularly in light of Baxter's role as a high-ranking corrections officer. 18 U.S.C. § 3553(a)(2)(A); *Turner*, 626 F.3d at 573. Because the court properly weighed the § 3553(a) factors and adequately explained its reasoning for the three-month upward variance, it did not commit a clear error of judgment in fashioning its sentence. *Pugh*, 515 F.3d at 1191.

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N W
Atlanta, Georgia 30303

David J Smith
Clerk of Court

For rules and forms visit
www ca11 uscourts gov

June 13, 2019

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 18-11600-HH
Case Style: USA v. Michael Baxter
District Court Docket No: 5:17-cr-00026-RH-1

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Christopher Bergquist, HH at 404-335-6169.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion