IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


UNITED STATES OF AMERICA

v.                                                          CASE NO. 5:17cr26-RH

MICHAEL J. BAXTER,

      Defendant.

_____/


ORDER DENYING RELEASE PENDING
CERTIORARI AND SETTING A DEADLINE TO
REPORT FOR SERVICE OF THE SENTENCE

      The defendant Michael J. Baxter was convicted and sentenced to 60 months in the Bureau of Prisons. He was released pending appeal to the United States Court of Appeals for the Eleventh Circuit. That court now has affirmed the conviction and sentence. The mandate has issued. Mr. Baxter has moved for release pending a ruling on his anticipated petition for a writ of certiorari. This order denies the motion.

      Under the Bail Reform Act, a defendant may be released pending appeal only if the appeal will raise "a substantial question of law or fact." 18 U.S.C. §3143(b)(1). The Eleventh Circuit has given this definition: "a 'substantial

question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *United States v. Fernandez*, 905 F.2d 350, 354 (11th Cir. 1990) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).

Mr. Baxter was allowed to remain on release pending appeal based on only one substantial issue: whether the government's challenge to his attempted peremptory strike of a juror was properly sustained under *Batson v. Kentucky*, 476 U.S. 79 (1986). At trial, I found as a fact that the real reason for the attempted peremptory strike was the prospective juror's race. On appeal, the Eleventh Circuit upheld that finding.

Mr. Baxter's *Batson* issue as asserted in the Eleventh Circuit was substantial. But now the issue is presented in an entirely different context. The chance is remote that the Supreme Court will grant certiorari to review, or would set aside, a factual finding on this issue made by the district court and upheld by the circuit court. Nor will a certiorari petition raise any other substantial issue. When viewed in this proper context, it cannot be said that Mr. Baxter has raised an issue that is "close" or "very well could be decided the other way," as required by *Fernandez*. Having failed to raise such an issue, Mr. Baxter is not entitled to release, and even if he was eligible, release would be denied as a matter of discretion.

IT IS ORDERED:

1. The motion for release pending a petition for a writ of certiorari, ECF No. 83, is denied.

2. Mr. Baxter must report to his designated institution in the Bureau of Prisons for service of sentence by 2:00 p.m. on October 23, 2019.

SO ORDERED on September 4, 2019.

s/Robert L. Hinkle  
United States District Judge